# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | NO. A-08-CR-011 LY |
| | § | |
| LEONARD JOYNER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 15, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On June 20, 2008, the Defendant was sentenced to 46 months in prison, and three years of supervised release, for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). The Defendant was released from the Bureau of Prisons and began supervision on June 10, 2011.

The Defendant's adjustment to supervision was largely positive for the first two years of supervision. The Defendant had stable employment, reported as directed, followed all of the instructions of the Probation Office, and never tested positive for the use of drugs. However, on

August 1, 2013, Joyner reported to the Probation Office and a random urine specimen was collected. The results of this specimen were positive for cocaine. Additional urinalyses were obtained on August 16, 27, and September 3, 2013, all of which resulted in positive results for cocaine. On September 3, 2013, during a meeting with the Probation Officer, Joyner admitted to using cocaine. On September 9, 2013, an administrative staffing was held by the Probation Office, at which the officer proposed that Joyner agree to the modification of his conditions in response to the cocaine positives. Prior to signing the modification form, Joyner was queried about his association with a person that the Probation Office had ben informed about anonymously. Joyner admitted knowing this person, stating that he was a co-worker. He was instructed to go out into the Probation Office's lobby and draft a written statement documenting his association with the person. Joyner submitted the statement, and then immediately left the office. Despite numerous attempts to contact him, Joyner failed to return any calls from the Probation Office.

Based on the above, on September 12, 2013, the Probation Office submitted its petition, and on September 16, 2013, the undersigned authorized the issuance of a warrant. The Defendant was arrested on the warrant on October 8, 2013. On October 15, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegation that he had used a controlled substance, and the government withdrew the remaining allegations of the Petition.

II. FINDINGS OF THE COURT

1.  The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by using a controlled substance (cocaine).

III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation would be is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment.

As noted earlier, for two years the Defendant did well on supervision. While the Court is troubled by the Defendant's relapse, the evidence presented at the revocation proceeding indicates that the Defendant is willing to restart the process of rehabilitating himself. He believes that he can obtain employment, and he and his wife have reconciled and he intends to reside with his wife. Based on this, the Court believes that the Defendant should be permitted a chance to continue his forward progression, with some modifications to his supervision conditions.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release, with the following modification of his conditions of supervision:

1. The defendant shall participate in the Location Monitoring Program with Radio Frequency Monitoring for a period of 90 days. He shall abide by the rules and regulations of the Participant Agreement Form. During this time, he will remain at his place of residence except for employment and other activities approved in advance by his probation officer. He will maintain a telephone at his residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer. He will wear an electronic monitoring device and follow location monitoring procedures specified by his probation officer. He shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer.

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. As mentioned at the hearing, if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE